Hat, Judge,
delivered the opinion of the court:
This case now comes before the court on the defendants’ motion for a new trial and to amend findings.
The plaintiff is suing to recover the amount which it claims it has expended in transferring certain mail containers from its railroad station to the post office at Higbee, Mo., from June 1, 1905, to September 1, 1910, and the amounts which the defendants have deducted from what is due the plaintiff for the transportation of the mail on route 145022, these amounts being what the defendants paid out for the transportation of these mail containers from September 1, 1910, to April 1, 1916.
*494 The case turns upon the construction of Postal Regulations. These regulations are as follows:
“ Sec. 1191. * * * 2. The railroad company must also take the mails from and deliver them into all intermediate post offices and postal stations located not more than eighty rods from the nearest railroad station at which the company has an agent or other representative employed. * * * 3. The department will provide for the carriage of mails to and from intermediate post offices and postal stations located more than eighty rods from the nearest railroad station; and also to and from intermediate post offices and postal stations located eighty rods or less from the railroad station when the railroad has no agent or other representative employed at such station.
“ Sec. 1192. At connecting points where railroad stations are not over eighty rods apart, a company having mails on its train to be forwarded by the connecting tram will be required to transfer such mails and deliver them into the connecting train, or, if the connection is not immediate, to deliver them to the agent of the company to be properly dispatched by the trains of said company.”
The facts in this case are that Higbee, Mo., is a station on the railway line of the plaintiff; that it is also a station on the line of the Missouri, Kansas & Texas Railway; that the post office at Higbee is less than eighty rods from the depot of the plaintiff; that the depot of the plaintiff is more than eighty rods from the depot of the Missouri, Kansas & Texas Railway; and that the defendants required the plaintiff to transfer at its expense mail containers addressed to the railway post office on the Missouri, Kansas & Texas Railway. These mail containers were made up by postal employees on the road of the plaintiff and were thrown off at Higbee, addressed to the Hannibal and New Franklin railway post office, which was located on the connecting train on the Missouri, Kansas & Texas Railway. These mail containers had no mail in them for Higbee, and the postmaster at Higbee had no function to perform with respect to them. These mail containers were destined for and addressed to the connecting line of railway at Higbee. Such being their character and destination, what was the duty of the plaintiff with respect to them?
*495 If the stations of the two roads had been less than 80 rods apart, it would have been the duty of the plaintiff to transfer these mail containers and to “ deliver them into the connecting train,” or, if the connection was not immediate, “ to deliver them to the agent of the company, to be properly dispatched by the trains of said company.” The regulation of the department so provides. There is not one word in it which would require the plaintiff to deliver these mails to the post office of the town where the train stops; on the contrary, it provides that this must not be done, for the very good reason that if these mails were taken to the post office instead of to the connecting train, delay would be occasioned in their transmission, and delay is what is to be avoided in dispatching mail. The above would be the duty of the plaintiff when the stations are less than 80 rods apart. What would be its duty where, as in this case, the stations are more than 80 rods apart ? Clearly, with respect to such mail containers as we are now discussing, it would have no duty to perform. When the mail containers destined for the connecting line, whose station is over 80 rods distant, leave the cars of the plaintiff, the plaintiff has nothing more to do with them; it then becomes the duty of the defendants, according to its own regulation, to transfer them to their destination and to provide for their carriage. The defendants can not place this burden upon the plaintiff, and it is difficult to understand how it was ever supposed that it could be done, in the face of the regulation of the defendants.
It is urged by the defendants that section 1191 imposes this duty upon the plaintiff; that the provision therein contained requiring the railroad company to “ take the mails from and deliver them into all intermediate post offices” imposes upon the plaintiff the duty to deliver to the post office all mail which arrives at Higbee over its railway; but this regulation means, and can mean, nothing else than that the plaintiff must deliver all mails for Higbee to the post office at that place. And if that regulation has the meaning given it by the defendants, what was the use of making the regulation contained in section 1192? If all mails arriving at connecting points under section 1191 are to be taken to *496 the post offices, then section 1192 becomes of no effect, and the very purpose of section 1192, which is to expedite the mails, will be defeated.
For the foregoing reasons the court is of opinion that the defendants’ motion for a new trial should be and the same is hereby overruled, and the motion to amend findings allowed in part and overruled in part. The plaintiff is entitled to a judgment for the sum of $646.12; and it is so ordered.
Downey, Judge, Barney, Judge% and Campbell, Chief Justice, concur.
Booth, Judge, took no part in the decision of this case.